IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BROADCAST MUSIC, INC.; SONGS       )
OF UNIVERSAL, INC; BOCEPHUS        )
MUSIC, INC.; JUST FRIENDS MUSIC;   )      No. 3-12-0841
RONDOR MUSIC INTERNATIONAL,        )
INC. d/b/a Irving Music; and       )
EMBASSY MUSIC CORPORATION          )
                                   )
v.                                 )
                                   )
ZNT, LLC d/b/a Willie's Wet Spot; and   )
WILLIAM F. ZAGER                   )

O R D E R

The parties' joint motion for adjournment of initial case management conference (Docket Entry No. 24) is GRANTED.

The case management conference, rescheduled by orders entered November 5, 2012, (Docket Entry No. 11) and November 16, 2012 (Docket Entry Nos. 16-17),[1] on November 27, 2012, is RESCHEDULED to **Tuesday, January 8, 2013, at 11:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

By orders entered August 16, 2012, and September 24, 2012 (Docket Entry Nos. 5 and 7), the stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, was lifted.

Prior to the initial case management conference, counsel for the parties shall meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and shall, to the extent possible, exchange initial disclosures pursuant to Rule 26(a)(1).

Prior to the initial case management conference, counsel for the parties shall also confer and shall prepare a proposed, joint initial case management order, including the parties' respective theories of the case, issues resolved and in dispute, proposed scheduling for the progression of the case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2). If the

---

[1] For some reason, the same, identical order was entered twice.

parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007. If the parties anticipate little, if any, electronic discovery and they believe it is not necessary to be governed by Administrative Order No. 174, they shall so provide in the proposed initial case management order.

Counsel shall e-file the proposed order prior to the initial case management conference.

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

The Clerk is directed to send a copy of this order to Joe Calvert, Esq. at Calvert & Calvert, 107 Houghland Street, Gallatin, TN 37066 by regular, first class mail (only) and/or by email at mr.calvert@attorneys-counselors.com.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge